IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Kaycie M, | ) | Case No.: 6:23-cv-03601-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Martin J. O'Malley, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald ("Report and Recommendation" or "Report" or "R&R") under Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff Kaycie M.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g), as amended, seeking judicial review of a final decision of Defendant Martin J. O'Malley,[2] Commissioner of Social Security Administration ("Defendant" or "Commissioner"), denying her Disability Insurance Benefits ("DIB") under the Social Security Act ("Act"). The Magistrate Judge issued a Report and Recommendation on June 21, 2024, recommending the Commissioner's decision be affirmed. (DE 26.) On July 8, 2024, Plaintiff objected to the Report and Recommendation. (DE 27.)

---

[1]    The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2]    Martin J. O'Malley was sworn in as the Commissioner of the Social Security Administration on December 20, 2023. Accordingly, he is automatically substituted for Kilolo Kijakazi, Acting Commissioner of Social Security.

1

Defendant filed a reply in opposition. (DE 31.) Having carefully considered Plaintiff's objection and the applicable law, the Court affirms the decision of the Commissioner.

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates here without a full recitation. (DE 26.) However, as a brief background relating to the objections raised by Plaintiff, the Court provides this summary. Plaintiff was 42 years old on the alleged disability date, October 16, 2020, and seeks disability benefits based on obesity, neuropathy, and Charcot-Marie-Tooth disease, as well as headaches, fainting spells, and anxiety.[3] (DE 15-2, p. 30.) She has no past relevant work experience. (*Id.* at 40.) Plaintiff disputes the (1) "Magistrate's evaluation of Residual Functional Capacity findings" ("RFC") (DE 27, pp. 1-6), (2) "Evaluation of the medical source opinion evidence" (*id.*, pp. 7-8), and (3) "Magistrate evaluation of ALJ findings regarding credibility of [Plaintiff's] subjective statements" (*id.*, pp. 8-10). Plaintiff requests that this matter be remanded with an award of benefits. (DE 27.) Conversely, the Commissioner asserts that the Plaintiff's objections should be overruled and the Report adopted. (DE 31.)

---

[3] In a decision dated March 8, 2005, Plaintiff was found disabled beginning on August 15, 2000. (DE 15-3, pp. 2–5.) Plaintiff's disability was subsequently determined to have continued in a determination dated March 12, 2013. (*Id.*, pp. 7–10). On October 16, 2020, the Social Security Administration determined that Plaintiff was no longer disabled as of October 16, 2020, because her health had improved and she was able to work. (*Id.*, pp. 11-34.)

## **LEGAL STANDARD**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Absent any specific objection, the court only reviews the report and recommendation for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); *see also Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.")

The role of the federal judiciary in the administrative scheme established by the Social Security Act is limited. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[4]  42 U.S.C. § 405(g). The court must uphold the Commissioner's

---

[4]  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

decision as long as it is supported by substantial evidence and reached through the application of the correct legal standard. *See Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a de novo review of the factual circumstances that substitute the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Administrative Law Judge ('ALJ')]." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## DISCUSSION

First, as to Plaintiff's objection to the "Magistrate's evaluation of Residual Functional Capacity Findings" (DE 27, pp. 1-6), she states:

> [Plaintiff] focus[es] on the ALJ's errors in assessing [her] ability to perform frequent handling, fingering, and feeling. In her initial brief, [Plaintiff] noted examination findings such as upper extremity neuropathy, diminished sensation, atrophy in all her muscles, and difficulty twisting a bottle cap (Dkt. 21 at 21, Tr. 475-476). Also, NP Buryk determined [Plaintiff] would be limited in her ability to use her upper extremities (Tr. 744). The Magistrate Judge responds that Dr. Shuman found plaintiff had 5/5 grip strength, could button buttons, could pick up a coin, and had normal find and gross manipulations. The

> Magistrate Judge also cited [Plaintiff]'s activities of daily living ["ADL"] (Dkt. 26 at 14). However, the ADLs cited by the Magistrate Judge (fix simple meals, make the bed, take care of personal care, wash dishes, and an inability to drive "sometimes") are not inconsistent with an opinion that [Plaintiff] could only occasionally handle, finger, and feel as there is no evidence these ADLs were performed on a frequent basis.

(DE 27, p. 2.) The Court finds that this objection is substantially similar to the argument Plaintiff made in her initial brief. (*Compare* DE 21, p. 21 and DE 27, pp. 27). Further, the Report addresses this argument in greater detail than Plaintiff sets forth in her objection. For example, the Report states:

> [P]laintiff's function report noted that she made the bed daily, could take care of her personal care routine, enjoyed reading, was able to wash dishes (while sitting down), took care of the laundry, and shopped in stores for groceries (Tr. 257–60, 296). As recognized by the ALJ, this record evidence was inconsistent with the plaintiff's allegations of disabling neuropathic pain in her upper extremities and was accounted for in the RFC assessment by limiting the plaintiff to a range of sedentary work, including limitations in her ability to reach, handle, finger, and feel (Tr. 36–37, 39).

(DE 26, pp. 14-15). Accordingly, the Magistrate Judge found substantial evidence supporting the ALJ's determination because her "treatment records, as noted by the ALJ, did not support additional RFC limitations than provided." (*See* DE 27, pp. 12-13.)

As to Plaintiff's mental impairments, Plaintiff states "that symptoms of anxiety and depression" impacted her "ability to perform work-related activities" and caused "limitations in interacting appropriately with the public and moderate limitations in interacting appropriately with supervisors and coworkers" (DE 27, p. 4.). Specifically, Plaintiff objects because "the ALJ's limited explanation of how NP Bailey's opinion was not supported by treatment records was insufficient, and the

Magistrate Judge's summary of the records is a post hoc rationalization that should be dismissed." (DE *Id.*, p. 5.) Here, the Magistrate Judge pointed to the ALJ's analysis of Plaintiff's treatment records (including those cited by Plaintiff) after which the ALJ found that Plaintiff's mental impairments did not cause more than mild limitations in any of the functional areas (*see* DE 15-2, pp. 32-34.) Since the Report cites to substantial evidence in the record to support the ALJ's finding, Plaintiff's objection is overruled.

Next, as to Plaintiff's objection to the "Evaluation of the medical source opinion evidence" (*id.*, pp. 7-8), Plaintiff states:

> the Magistrate Judge fails to point to the portion of the ALJ's decision where the ALJ discussed and considered Dr. Shuman's finding that [Plaintiff] had uncoordinated rapid alternating movements and had no reflexes in her extremities (Tr. 475-476). Also, the Magistrate Judge failed to explain how the ALJ correctly determined the opinion was inconsistent with other opinions, such as the opinion of NP Buryk. Limitations provided by Ms. Buryk indicated [Plaintiff] was disabled in that she opined [Plaintiff] could not perform bilateral fingering or handling (Tr. 744). This opinion is consistent with Dr. Shuman's finding that [Plaintiff] was uncoordinated with rapid alternating movements, had no reflexes in her upper extremities, and was disabled.

(DE 27, pp. 7-8.) However, the Magistrate Judge did address the ALJ's consideration of evidence based on Dr. Shuman and NP Buryk's medical opinion. Specifically, the Report states:

> Here, because Dr. Shuman was not a treating physician, there are few differences between the old and current regulations for evaluating opinion evidence – especially since the ALJ recognized that Dr. Shuman was a consultative examiner who saw the plaintiff on two occasions (which addresses the factors of the examining relationship, the length of the treatment relationship, and any specialties Dr. Shuman had) (*see* Tr. 35, 37). The ALJ also addressed the supportability and consistency of Dr. Shuman's opined limitations (Tr. 35, 37). Indeed, the plaintiff has

6

> not argued that the ALJ failed to explain the consistency or supportability (or any of the other applicable opinion evaluation factors) in considering Dr. Shuman's opinion; instead, the plaintiff argues that the ALJ erred by not adopting Dr. Shuman's opinion that the plaintiff was disabled (*see* doc. 21 at 29–30). However, the ALJ was not required to address Dr. Shuman's opinion that the plaintiff should continue obtaining disability under either the old or the current regulations. *See* 20 C.F.R. §§ 404.1527(d), 419.927(d) (noting under the old regulations that opinions that an individual is disabled are not medical opinions that need to be weighed "because they are administrative findings that are dispositive of a case"); *see also id.* §§ 404.1520b(c), 416.920b(c) (noting that no analysis is required of evidence that is "inherently neither valuable nor persuasive" including whether you are disabled under the new regulations).

(DE 26, pp. 20-21.) The parties appear to agree that supportability and consistency are the most important factors for consideration, and the ALJ addressed how he considered the supportability and consistency factors in evaluating Dr. Shuman's opinion evidence.   *See* 20 C.F.R. § 404.1520c(a), (b)(2). An ALJ *may*, but is not required to, explain how the remaining factors were considered.  *Id.* § 404.1520c(b)(2). Further, as to NP Buryk, the Report states:

> although Ms. Buryk opined that [P]laintiff would be limited in her ability to use her upper extremities, as recognized by the ALJ in affording portions of Ms. Buryk's opinion limited weight because it was unsupported by her examination findings, Ms. Buryk also noted that the plaintiff could sort, handle, or use paper files; care for her own personal hygiene; could prepare a simple meal; and was able to feed herself (Tr. 37, 744, 747).

(DE 26, p. 14.) Here, the ALJ and the Report considered Dr. Shuman's and NP Buryk's opinions, and Plaintiff's objection is overruled.

Lastly, Plaintiff objects to the "Magistrate evaluation of ALJ findings regarding credibility of [Plaintiff's] subjective statements" (*id.*, pp. 8-10). Plaintiff contends:

7

> Specifically, the Magistrate Judge agreed there was an inconsistency between [Plaintiff's] report that she could not stand for more than five minutes, and her report that she was able to cook, clean, shop, dress herself, and feed herself (Dkt. 26 at 24-25). However, there is no indication that her ability to make a simple meal (like a sandwich or something in a microwave as she described), dress herself or feed herself required her to stand for more than 5 minutes. The Magistrate Judge fails to explain how these are inconsistencies. Similarly, the Magistrate Judge says [Plaintiff's] reported trouble with her arms and hands was inconsistent with her ability to feed herself, watch television, or read. [Plaintiff] submits that watching television and reading did not require her to use her hands on a frequent basis, which the ALJ determined she could do.

(DE 27, p. 9.) Plaintiff further argues, "the records cited by the Magistrate Judge do not address her upper extremity limitations that would prevent her from frequently performing activities requiring handling, fingering and feeling." (*Id.*, p. 10.) The Magistrate Judge correctly cites to the appropriate law governing subjective complaints:

> [T]he determination of whether a person is disabled by pain or other symptoms is a two-step process. First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and *which could reasonably be expected to produce the pain or other symptoms alleged. . . .*
> 
> . . . .
> 
> It is only *after* a claimant has met her threshold obligation of showing by objective medical evidence a medical impairment reasonably likely to cause the pain claimed, that the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated.

*Craig v. Chater*, 76 F.3d 585, 594–95 (4th Cir. 1996) (citations and internal quotation marks omitted) (emphasis in original). Applying applicable law, the Report states:

> Indeed, as recognized by the ALJ, although [P]laintiff reported difficulty standing or walking secondary to constant pain in her feet, examination

8

findings were relatively benign, including normal musculoskeletal range of motion ("ROM") findings with no edema, tenderness, or deformity (Tr. 426–29, 431, 497–98, 501–02, 506, 508, 520–21, 529 (noting low back pain, but full ROM in all extremities with full muscle strength), 677, 680, 756–57, 759, 766–67, 774, 776–77). Indeed, although Ms. Buryk and Ms. Bailey noted bilateral high arched feet with decreased lower extremity sensation, the plaintiff still had mostly normal motor strength (4/5 or 5/5) with a wide based gait (Tr. 763–64, 771–72). Similarly, when [P]laintiff presented to Ketan Jhunjhunwala, M.D., although she reported bilateral lower extremity weakness, examination findings were relatively benign, noting normal cervical ROM, bilateral lower limb high arched foot, 1+ reflexes, wide-based gait, normal tandem walk, normal motor exam, motor strength of 4/5 or 5/5, decreased sensation from the bilateral ankles, and normal coordination (Tr. 669–76). Moreover, [P]laintiff only had an abnormal or limping gait noted on three occasions (Tr. 459, 464, 472), and although a wide-based gait was noted on three occasions (Tr. 675, 764, 772), other treatment records noted no gait problem or a normal gait (Tr. 475, 497, 506, 507, 520, 674, 679).

(DE 26, p. 26.)

Since the Report comprehensively and ably addressed this objection and the other matters above, the Court overrules Plaintiff's collective objections.

## **CONCLUSION**

For these reasons, the Court adopts the Report and Recommendation (DE 26) and affirms the Commissioner's decision.

**AND IT IS SO ORDERED.**

_/s/ Joseph Dawson, III_
Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 16, 2024